[Crim. No. 4985.  Second Dist., Div. Three.  Apr. 9, 1953.]

THE PEOPLE, Respondent, v. FRANK ARELLANES, Appellant.

Frank Arellanes, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—Frank Arellanes was convicted in a court trial of the crime of burglary of the second degree and was sentenced to a term in the county jail. He filed a notice of appeal in propria persona which we shall construe to be an appeal from the judgment and from an order denying his motion for a new trial. He has filed a single page of type-writing which will be considered as his opening brief.

We have read the reporter's transcript of the trial, in which defendant was represented by an attorney. The evidence was ample to prove commission of the offense by defendant and there was no error of law committed in the trial.

Trial by jury was waived by defendant, his counsel, and the district attorney. Anthony Arellanes, a cousin of defendant, testified that he and defendant burglarized a café on East Colorado Street in the city of Pasadena in the nighttime; defendant climbed to the roof of a building on a ladder, entered the building through a ventilator on the roof, opened the door for Anthony, who entered a small office room through a false ceiling and opened the door thereof for defendant. They took about $500 in currency from the office and $25 or more from some slot machines, and defendant took a .45 calibre revolver from the office. The gun was loaded and defendant threw it away in some shrubbery outside the building. The money was divided between Anthony and defendant. Apparently there were two women in Anthony's car in which they had driven to the location but the women, who were not involved in the burglary, drove the car home while Anthony and defendant returned in a taxi. The evidence was that defendant was well intoxicated. Under stipulation there was introduced testimony given by the witnesses at a preliminary examination. Both Anthony and defendant testified at the trial. Anthony, who confessed to the police, testified to the commission of the crime by himself and defendant as related above. The revolver was found and turned over to the police. It was identified by the proprietor of the café as his own. He also testified that the currency, which was in the office, amounted to $900 or $1,000. There was testimony that shortly after 2 a.m. on the morning of the robbery, when the café was closed, the doors and windows were locked, and that the back door was unlocked when the employees came to work later. Defendant was questioned by the police officers after his arrest some two weeks following the burglary. At first he claimed he could remember nothing of what occurred after 10 or 11 o'clock the night of the burglary, but later testified that he vaguely remembered climbing a ladder to the roof of the building, looking down, entering the building, getting out of it and riding in a taxi. At the trial defendant testified that on the night of the burglary he worked till 9:30 and was drinking heavily; he remembered seeing Anthony's car that night but did not remember going anywhere with him, did not remember going to the café and recalled nothing of

the occurrences testified to by Anthony for the reason that his mind was asleep. He testified that he had had the same affliction at times before he went into the service and while in the service. It appears that Anthony Arellanes had served a term in prison after a conviction of robbery and that defendant was, at the time of the trial, on probation following a conviction of burglary and forgery for which he had been given a sentence in the county jail.

Defendant had a fair trial and the finding of guilt was the only one which would have been justified by the evidence.

The judgment and the order denying motion for a new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.